UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 20-_____-CIV-X/X

| | |
|---|---|
| **Yemina Marino**, individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>**Spizzigo Enterprises, L.L.C.**, a Florida limited liability company; **L'angolo 107 Investments LLC**, a Florida limited liability company; and, **Salvatore Domanti**, individually,<br><br>        Defendants. | CLASS REPRESENTATION |

**FAIR LABOR STANDARDS ACT COMPLAINT**

Plaintiff Yemina Marino, individually and on behalf of others similarly situated, sues Defendants, Spizzigo Enterprises, L.L.C., a Florida limited liability company; L'angolo 107 Investments LLC, a Florida limited liability company; and, Salvatore Domanti, individually, and alleges:

**JURISDICTIONAL ALLEGATIONS**

1.      This is an action to recover damages for unpaid wages, minimum wages, overtime wages, and other relief brought under the laws of the United States of America and under Florida common law and statutes, including §448, Florida Statutes. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., §§201-219 ("FLSA"), §448, Florida Statutes, and § 24, Art. X of the Florida Constitution.

2.      Plaintiff Yemina Marino is a resident of Miami-Dade County, Florida.

3. Defendant Spizzigo Enterprises, L.L.C., and Defendant L'angolo 107 Investments LLC are related Florida limited liability companies which together operate at least three restaurants and bars in South Florida as a single jointly organized conglomerate using the same or similar names. See https://www.spizzigo.com. Both entities are owned and/or controlled, directly or indirectly by Defendant Salvatore Domanti.

4. Among the restaurants and bars operated by the Defendants are three located in Miami-Dade County, Florida, and all within the jurisdiction of this Court. The restaurants are known as "Spizzigo", "Gusto RistoBar", and "La Griglia".

5. The Plaintiff worked as a wait-staff worker at all three restaurants operated by the Defendants in Miami-Dade County from approximately December 2014 through September, 2020. She brings this action individually and on behalf of others similarly situated to recover from the Employer unpaid hourly wages, minimum wages, overtime wage compensation, liquidated damages, and other relief, including statutory attorney's fees and costs.

6. Defendants Spizzigo Enterprises, L.L.C., L'angolo 107 Investments LLC, and Salvatore Domanti are each, individually, and together as group, a "person" and "employer" within the meanings provided by 29 U.S.C. §203(a) and (d). Defendants are referred to herein jointly as "Employer". Moreover, this same "Employer", individually and together as a group, which includes the various related restaurants and venues which it operates, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r) and (s). Further, in the course of employment with this Employer, Plaintiff Marino, and all of those similarly situated persons who may hereinafter opt-in to this lawsuit, was and were individually engaged in commerce because they were employed in a manner which required that they regularly use the implements of interstate commerce and directly interacted and served customers of the restaurants who traveled from other

states and countries, and also by nature of the work Plaintiff performed. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., Sections 203(r) and 203(s).

8. Federal jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1337, 1367 and by 29 U.S.C. §216(b), and Florida Statute 448. The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports goods and services in Florida to customers from all over the world.

## ATTORNEY'S FEES

9. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay a reasonable attorney's fee and costs related to their professional services.

## ENTITLEMENT TO ATTORNEY'S FEES

10. Plaintiff is entitled to an award of attorney's fees if he is the prevailing parties in this action pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219 and other related authority, including §§448.08, 448.104 Florida Statutes.

## – COUNT I –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Minimum Wages)

Plaintiff Yemina Marino, and others similarly situated, realleges paragraphs 1 through 10 as though fully set forth herein.

11. The Employer is a conglomerate of related persons or entities engaged in the business of operating restaurants.

12. At all times during her employment, Plaintiff Yemina Marino, and others similarly situated, were hourly wage wait-staff employees required to be paid a minimum hourly wage for all work performed for the Employer.

13. Throughout substantially all of Plaintiff's employment at three restaurant locations operated by Defendants, the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to pay Plaintiff, and those similarly situated, at least the highest applicable minimum hourly rate.

14. The Employer paid said Plaintiff, and those similarly situated, at a reduced wage rate of pay even though there is no applicable exception to the requirement that said Plaintiff or plaintiffs be paid at least the highest applicable minimum wage rate of pay.

15. The Employer failed to timely pay wages to Plaintiff, and those similarly situated, at the regularly scheduled pay date when those wages were earned.

16. The Employer is not entitled to any so-called "tip credit" toward the applicable minimum wage rate of pay and has actually paid less than required by law as the result of among other factors, the following: (a) Plaintiff and others similarly situated are not "tipped employees" within the meaning of the FLSA §3(m); (b) Plaintiff and others similarly situated were not properly advised of any intention by the employer to take a "tip credit" toward the obligation to pay at least applicable minimum wage rate of pay, nor were they advised of the amount of such credit; (c) Defendant took a "tip credit" in excess of actual tips received and kept by Plaintiff; (d) Defendant took a tip credit greater than permitted by regulations, including 29 CFR §531.59; (e) taking a "tip credit" from revenues which are not "tips"; (f) taking a "tip credit" through an invalid tip pool; (g) taking possession of Plaintiff's tips without also taking a "tip credit"; (h) taking retroactive "tip credits"; (i) the Employer failed to timely disburse minimum wage during the applicable pay day

for the corresponding pay period, and (j) charging Plaintiff an unlawful service fee for tips distributed via third party vendors.

17. At all times material to this action, the Employer failed to comply with 29 U.S.C. §§201-219 and 29 C.F.R., §§516.2, 516.4, 516.28 *et seq.,* and §§531.35 and 531.50 *et seq.* and other applicable authority in that Plaintiff and those similarly situated performed services for the benefit of the Defendant for which they were paid well below the minimum wage rates required by both federal law, and under applicable Florida law and Florida Constitution (including §448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution.), whose occasionally higher minimum wage rates are made applicable under the FLSA.

18. Others who are similarly situated as the Plaintiff, also provided labor as hourly-rate wait-staff employees and/or former employees of the Employer and were also systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

19. The Employer knowingly and willfully and/or with a reckless disregard of the provisions of the FLSA, failed to comply the applicable minimum wage provisions, and remains owing Plaintiff and other similarly situated employees a minimum wage for at least the extended three year period preceding this lawsuit.

WHEREFORE, Plaintiff and others similarly situated request damages equal to all unpaid minimum wages, liquidated damages in an amount equal unpaid wages, together with reasonable attorney's fees and costs, pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial for their entire applicable employment period with Defendants, or as much as is allowed by the Fair Labor Standards Act, whichever is greater.

## – COUNT II –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime Wages)

Plaintiff Yemina Marino realleges paragraphs 1 through 10 as though fully set forth herein.

20. At all times during her employment, Plaintiff, and others similarly situated, were hourly wage wait-staff employees required to be paid at a premium rate for hours work worked in excess of forty (40) during each workweek.

21. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.2, 516.4, 516.28 *et seq.,* and 531.35 and 531.50 *et seq.,* and other applicable authority in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty (40) hours per workweek as provided in the FLSA.

22. The Employer failed to pay overtime compensation to Plaintiff, and those similarly situated, based upon factors to include, the following: (a) the Employer failed pay overtime hours at all; (b) the Employer paid hours in excess of forty in an applicable workweek at the same below minimum wage rate of pay or "straight time" rate of pay; (c) the Employer calculated the overtime premium by factoring upon an unlawfully low base rate of pay; (d) the Employer failed to maintain the types of books and records necessary and required in order to account for the number of hours worked during any given workweek and failed to establish the start of any workweek for purposes of overtime compensation calculations, and; (e) the Employer has failed to timely disburse overtime compensation during the applicable pay day for the corresponding pay period during which the excess hours were worked.

23. The Employer knowingly and willfully and/or with reckless disregard for the overtime provisions of the FLSA, failed to pay overtime wages as required by the FLSA and applicable Florida law (including §448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution) made applicable under the FLSA and remains owing Plaintiff and other similarly situated employees the overtime wages earned during at least the extended three year period preceding this lawsuit.

WHEREFORE, Plaintiff and others similarly situated request unpaid overtime wages due, liquidated damages in a like amount, and reasonable attorney's fees and costs pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial for their entire applicable employment period with Defendant, or as much as is allowed by the Fair Labor Standards Act, whichever is greater.

## – COUNT III –
## BREACH OF AGREEMENT TO PAY WAGES AND FOR UNPAID WAGES

Plaintiff realleges ¶¶ 1 through 10 as though fully set forth herein.

24. At all times during their employment, the Plaintiff, and others similarly situated, were employees whom the Employer agreed to pay wages.

25. Plaintiff has satisfied any condition precedent to filing this action, if any.

26. The Employer breached the agreement by failing to pay minimum hourly wages, and overtime wages as agreed and required by law, including §448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution.

27. The Employer breached the agreement to pay wages by failing to pay all wages due to be paid at the time her employment ended in September of 2020.

WHEREFORE, Plaintiff demands the following: payment of all accrued unpaid wages and commissions, in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## **JURY DEMAND**

28. Plaintiff, and those similarly situated, demand trial by jury of all issues, claims and defenses that are triable as of right by a jury.

Dated: October 26, 2020

Anthony F. Sanchez, P.A.
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Fax:   305-328-4842
Email:   afs@laborlawfla.com

By:   /s/ Anthony F. Sanchez
        Anthony F. Sanchez
        Florida Bar No.789925
