UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-2439-JAL

YEMINA MARINO,

    Plaintiff,
v.

SPIZZIGO ENTERPRISES, LLC,
L'ANGOLO 107 INVESTMENTS, LLC,
and SALVATORE DOMANTI, individually,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT, WITH INCORPORATED MEMORANDUM OF LAW**

Defendants SPIZZIGO ENTERPRISES, LLC, L'ANGOLO 107 INVESTMENTS, LLC, and SALVATORE DOMANTI (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, hereby respectfully move this Court, pursuant to Rules 8, 10, and 12 of the Federal Rules of Civil Procedure, for an Order dismissing Plaintiff's Complaint or, in the alternative, instructing Plaintiff to plead a more definite statement. [DE 1]. In support, Defendants state as follows:

**Background**

Plaintiff filed a three (3) Count complaint against Defendants. [DE 1]. Plaintiff alleges that Defendants failed to pay proper minimum wages, overtime wages, and a vague assertion regarding "unpaid wages". In review of the form Complaint, it appears that Plaintiff seeks relief under the Fair Labor Standards

1 | Page

Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Counts I and II, as well as Chapter 448 of the Florida Statutes, Florida's Minimum Wage Act ("FMWA") for Count III. Unfortunately, the Complaint is so riddled with factual and legal deficiencies that it is impossible for Defendants to clearly decipher, let alone respond, to Plaintiff's claims.

First, the Complaint seemingly lumps all the named Defendants together in each of the three counts without specifying how each party allegedly violated Federal or Florida law. This is a hallmark of a "shotgun pleading." Next, despite the liberal pleading standards for FLSA complaints, Plaintiff presents virtually no facts to connect her work to the FLSA coverage allegations, no facts regarding Defendant Domanti's status as an "employer" under the FLSA, and forwards copy-and-paste allegations that are, oddly, contradictory. Third, in Count III of the Complaint, the legally incoherent "Breach of Agreement to Pay Wages and For Unpaid Wages", Plaintiff seeks relief under Fla. Stat. § 448.110(6). This is troubling at the outset since the FLSA, and by interpterion the FMWA, does not allow for recovery for unpaid work hours, except if there is a minimum wage violation, and if the employee can prove there was such a violation, may only recover minimum wages for unpaid work hours. *Foster v. Angels Outreach, LLC*, 2007 WL4468717 (M.D. Ala. 2007); 29U.S.C.§206. Further, Plaintiff failed to provide Defendants with any pre-suit notice of her minimum wage claim, as strictly required by the MFWA, prior to filing her Complaint. Finally, Plaintiff's alleged breach of contract claim within Count III is preempted by the FLSA.

2 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Based on the foregoing, Defendants respectfully request this Honorable Court enter an Order dismissing Plaintiff's Complaint.

## MEMORANDUM OF LAW

### I. THE LEGAL STANDARDS FOR GRANTING A MOTION FOR DISMISSAL UNDER FED.R. CIV. P. 12(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. Claims are subject to dismissal if they fail to be "plausible on their face" or if they fail "to raise a right to relief above the speculative level." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). In *Cigna Corp.*, the Eleventh Circuit held that in *Twombly* (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), "the Supreme Court expressly 'retired' the 'no set of facts' pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson*." *Id.* Further, the Eleventh Circuit held that the *Twombly* Court requires that complaints contain "factual allegations [that] must be enough to raise a right to relief above the speculative level." *Id.* "The Court ultimately held that to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570). The Court "held that the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim.'" *Id.* (*quoting Twombly*, 550 U.S. at 556). The Court noted that "when plaintiffs 'have not nudged their claims across the line from conceivable to

3 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

plausible, their complaint must be dismissed.'" *Id.* (*quoting Twombly*, 550 U.S. at 570).

In *Cigna Corp.*, the Eleventh Circuit held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* The Eleventh Circuit noted that the Supreme Court has recently suggested a two- prong approach to resolving motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* Importantly, the Eleventh Circuit held that "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the Court to infer." *Id.*

## II. THE COMPLAINT SHOULD BE DISMISSED FOR FAILING TO STATE A CAUSE OF ACTION

### a. Overview

This Court should dismiss the Complaint because Plaintiff fails to state a claim under the FLSA. [DE 1]. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that each claim in a pleading be supported by "a short statement of claim showing that the pleader is entitled to relief." In *Ashcroft v. Iqbal*, 129 S.

4 | Page

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Ct. 1937 (May 18, 2009), the Supreme Court reiterated its recent tutelage regarding pleading claims for relief:

> [T]he pleading standard **Rule 8** announces does not require 'detailed factual allegations,' but it ***demands more than an unadorned, the defendant-unlawfully- harmed-me accusation***. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'

*Id.* at 1949 (emphasis added).

Rather, to survive a motion to dismiss, the Court held that "a complaint must contain sufficient factual matter…to 'state a claim to relief that is plausible on its face;'" ***"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."*** *Id.* (emphasis added) (citing *Twombly*, 550 U.S. at 570). The Court further noted that a complaint contains sufficient factual content only when it allows a court reasonably to draw the inference that the defendant would be liable for the misconduct alleged; pleadings that are nothing more than conclusions are not entitled to the assumption that the allegations are true. *Id.*

Since *Iqbal*, the Eleventh Circuit explained in *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), that on a motion to dismiss, the court "is not required to accept a plaintiff's legal conclusions." Similarly, the court is not required to draw inferences and should ignore "unwarranted deductions of facts." *Id. See also Oates v. Jackson County Sheriff's Office*, 2010 U.S. Dist. LEXIS 57916, *3 (N.D. Fla. 2010) (noting that "conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

a complaint from dismissal"). As set forth in detail below, Plaintiff's Complaint should be dismissed because it is devoid of factual allegations sufficient to support any of her claims for relief.

Specifically, Plaintiff fails to allege sufficient facts to establish that Defendants are subject to the requirements of the FLSA through enterprise coverage, or even that Mr. Domanti (who is sued individually) is an employer under the Act; as such, his liability is only derivative to that of the corporate Defendants. *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986); *Zarate v. Jamie Underground, Inc.,* 629 F. Supp. 2d 1328 (S.D. Fla. 2009). Defendants also dispute the sufficiency of Plaintiff's Complaint with respect to the contradictory, laundry-list allegations within paragraphs 16 and 22 as well as the alleged willfulness of the Defendants.

### b. Pleading Problem #1: Shotgun Complaint

Plaintiff failed to properly delineate which Defendant is allegedly in violation of any Federal or Florida law. Rather than pleading a discrete count for each Defendant, Plaintiff vaguely alleges that the "Employer" (a muddled placeholder for all the named Defendants) committed the alleged wage & hour violations. Further, Count III is comprised of two different legal theories intwined together. The Complaint is a shotgun pleading that should be dismissed.

One type of shotgun pleading is one that does not separate different causes of action into separate counts. *See Bickerstaff Clay Prods. Co. v. Harris Cnty.*, 89 F.3d 1481, 1485 n.4 (11th Cir. 1996) ("The complaint is a typical shotgun

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

pleading, in that some of the counts present more than one discrete claim for relief."); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir.1996) (characterizing as a shotgun pleading a complaint that "was framed in complete disregard of the principle that separate, discrete causes of action should be pled in separate counts"); *Novak v. Cobb Cnty. Kennestone Hosp. Auth.*, 74 F.3d 1173, 1175 & n.5 (11th Cir. 1996) (referring to a complaint that pleaded multiple causes of action in a single count as "a quintessential 'shotgun pleading'"); *Cole v. United States*, 846 F.2d 1290, 1293 (11th Cir. 1988) (labeling as a shotgun pleading a complaint that set forth, in one count, "every act, [regardless of which defendant committed the act], which, in the pleader's mind, may have had a causal relationship to the [injury]"). Here, Count III of the Complaint, seeks "unpaid wages" under both Fla. Stat. § 448.110 and a state law breach of contract theory. While Count III is also subject to a FLSA preemption (argued more fully *infra*) it is also an example of a shotgun pleading where Plaintiff seeks relief on multiple causes of action within one count.

Separately, the Complaint improperly asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *See Davis v. Staramba Corp.,* No. 8:15-CV-1936-T-36MAP, 2015 WL 12838807, at *2 (M.D. Fla. Nov. 6, 2015) (concluding that FLSA complaint was an improper shotgun pleading because it "contain[ed] a number of allegations that refer[red] to 'Defendant' or 'Defendants' without identifying the individual defendant or specifying the combination of defendants to which the allegation

7 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

pertain[ed]"). The unifying characteristic of all types of shotgun pleadings is that they fail, in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. The Complaint is undoubtedly a shotgun pleading.

### c. Pleading Problem #2: Failure to Properly Allege FLSA Coverage

The FLSA requires an employer to pay an employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 29 U.S.C. § 207(a). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis,* 662 F.3d at 1298. "This requires a showing that the jurisdictional prerequisite of 'interstate commerce' exists in a given case, a showing that may be made one of two ways—enterprise coverage or individual coverage." *Dimingo v. Midnight Express, Inc.,* 2018 WL 770478, at *2 (S.D. Fla. Jan. 16, 2018).

Here, Plaintiff fails to allege any facts to support the existence of enterprise coverage in this case and, instead, relies on formulaic recitations. "[A]n employee may…be covered by FLSA through `enterprise coverage' if her employer: '(1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by

any person; and (2) has gross volume sales or business of at least $500,000 annually.'" *Josendis,* 662 F.3d at 1298.

In the Complaint, Plaintiff does not factually allege any nexus between her employment and interstate commerce to sufficiently satisfy the first prong of enterprise coverage. *See Sarria v. La Canasta Latina Corp.,* 2015 WL 12862717, at *2 (S.D. Fla. Oct. 8, 2015) (Ungaro, J.) (dismissing FLSA complaint for failure to state a claim where plaintiff's allegations of interstate commerce under enterprise coverage theory—indistinguishable from those asserted here—"amount[ed] to a mere form complaint"); *Rojas v. OC Elec., LLC,* Civil Action No. 18-24149-Civ-Scola, 2019 U.S. Dist. LEXIS 56935 (S.D. Fla. Apr. 3, 2019)(same). As the Honorable Judge Ungaro stated in *Sarria,* and quoted by the Honorable Judge Scola in *Rojas*, "[w]ithout sufficient allegations relating to the Plaintiff's employment and how this employment implicates interstate commerce for purposes of being covered by FLSA, the Court is unable to find that Plaintiff states a claim for relief." *Sarria* at *2. Based on the deficient allegations, Defendants respectfully request that this Court dismiss Counts I and II of the Complaint. *See also Botero v. S. Fla. Pain & Rehabilitation Ctr., Corp.,* No. 12-20924-CIV-MORENO, 2012 WL 2502801, *2 (S.D. Fla. June 28, 2012)(dismissing complaint where no allegations of how employees are engaged interstate commerce are pled).

### d. Pleading Problem #3: Vague and Contradictory Allegations

Paragraphs 16 and 22 constitute a hodge-podge of unintelligible and contradictory allegations. For example, in paragraph 16, Plaintiff alleges that

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

she is not a tipped employee within the meaning of the FLSA. [DE 1, ¶ 16(a)]. However, the Complaint also alleges that Plaintiff worked as hourly wait staff in a restaurant (a traditionally tipped position) and that Defendants were taking tips or otherwise using tips for improper purposes. [DE 1 ¶¶ 12, 16]. Similarly, in Count II, Plaintiff alleges, on one hand, that Defendants failed to pay overtime and, on the other, paid overtime at the incorrect rate. [DE 1 ¶ 22]. These inharmonious allegations make it impossible for Defendants to comprehend the root of Plaintiff's alleged claims. Rule 12(f) is designed to address these pleading issues and better streamline discovery.

### e. Pleading Problem #4: Failure to Properly Allege Operational Control

In the Complaint, Plaintiff includes Salvatore Domanti as an individual Defendant. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. § 203(d). Additionally, the Eleventh Circuit has held that a "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA" as long as that corporate officer is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150 (11th Cir. 2008).

In review of the Complaint, Plaintiff's only statement regarding Domanti is that "[b]oth entities [the corporate defendants] are owned and/or controlled, directly or indirectly, by Defendant Salvatore Domanti." [DE 1 at ¶ 3]. Nothing

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

more. There are no allegations regarding Domanti and any alleged supervision he may have of employees, responsibilities for general operations of the business, corporate finances, or employee-related areas, such as wages or timekeeping. Without more than these barebones allegations, Plaintiff has not met her burden and Defendant Domanti respectfully requests to be dismissed from this suit.

### III. COUNT III MUST BE DISMISSED FOR FAILING TO PROVIDE PRE-SUIT NOTICE PURSUANT TO FLA. STAT. §448.110(6)(a)

Florida has within its Constitution the requirement that "Employers shall pay Employees Wages no less than the Minimum Wage for hours worked in Florida." Fla. Const. Art. X, § 24(c). To enforce this entitlement, the Article expressly details the right of employees to bring a civil action against employers that fail to pay the minimum wage:

> (e) Enforcement. Persons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment and, upon prevailing, shall recover the full amount of any back wages unlawfully withheld plus the same amount as liquidated damages, and shall be awarded reasonable attorney's fees and costs.

Fla. Const. Art. X, § 24(e).

Subsection (f) of the Article grants the state legislature the power to "adopt any measures appropriate for the implementation of this amendment." Fla. Const. Art. X, § 24(f). One of the measures adopted under the FMWA requires that "prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." Fla. Stat. §

448.110(6)(a). The purpose of this measure is to provide employers the opportunity to satisfy the minimum wage claim with the employee before the matter reaches the courts. Fla. Stat. § 448.110(6)(b).

This Court has routinely dismissed Florida minimum wage claims when the plaintiff did not provide the defendant with pre-suit notice. *See, e.g., Montes v. M&M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 4077463, at *3 (S.D. Fla. July 6, 2015)("Here, Count III of Plaintiffs' Amended Complaint alleges a violation of Fla. Const. Art. X, § 24. Before bringing this claim, Plaintiffs must have complied with the pre-suit notice requirements established in the FMWA."); *Dominguez v. Design by Nature Corp.,* No. 08-20858-CIV, 2008 WL 4426721, at *3 (S.D. Fla. Sept. 25, 2008)(dismissing Florida minimum wage claim without prejudice for failure to provide pre-suit notice and stating "that the notice requirement and section 24 of the Florida Constitution can be reconciled").

In the Complaint, Count III seeks relief through both Fla. Stat. § 448.110 and a state law breach of contract theory. This conflation is, on its face, problematic and warrants dismissal of Count III. *See* Section I *supra.*

IV. **COUNT III IS PREEMPTED BY THE FAIR LABOR STANDARDS ACT**

The other "half" of the jumbled Count III is Plaintiff's assertion of a breach of contract claim for "unpaid wages". "As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress in asserting equivalent state law claims in addition to the FLSA claim." *Garcia v. Nachon Enters., Inc.,* 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016); *accord Bell v. 1220 Mgmt.*

12 | Page

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

*Group, LLC*, 2018 U.S. Dist. LEXIS 102699, at *4 (S.D. Fla. June 20, 2018). Here, Count III is simply a state law version of Plaintiff's FLSA claim for minimum wages from Count I involving Defendants' alleged illegal tip-credit scheme. The FLSA prohibits such duplicative claims. *See Bule v. Garda CL Southeast, Inc.*, 2014 U.S. Dist. LEXIS 95618, at * (S.D. Fla. July 11, 2014) ("[T] this Court finds it prudent to follow *Bouthner*, *Botello*, and the other cases across the country that prohibit plaintiffs from avoiding the procedures and substantive rules of the FLSA through artful pleading").

Dated: November 20, 2020

                                      Respectfully submitted,

                                      By: ***/s/ Bayardo E. Alemán***
                                      J. Freddy Perera, Esq.
                                      Florida Bar No. 93625
                                      freddy@pba-law.com
                                      Bayardo E. Alemán, Esq.
                                      Florida Bar No. 28791
                                      bayardo@pba-law.com
                                      Brody M. Shulman, Esq.
                                      Florida Bar No. 92044
                                      brody@pba-law.com

                                      **PERERA BARNHART ALEMÁN**
                                      12401 Orange Dr., Suite 123
                                      Davie, FL, 33330
                                      Telephone: 786-485-5232
                                      *Counsel for Defendants*

13 | P a g e
**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ***/s/ Bayardo E. Alemán***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

**SERVICE LIST**

Anthony F. Sanchez, Esq.

**ANTHONY F. SANCHEZ, P.A.**
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel. 305-665-9211
Fax. 305-328-4842
E-mail: AFS@laborlawfla.com
*Counsel for Plaintiff*

14 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232